UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| SHAWN PALMER,<br><br>    Plaintiff,<br><br>v.<br><br>XPO LOGISTICS INC., *et al.*,<br><br>    Defendants. | CIVIL ACTION NO. 5:22-247-KKC<br><br><br>OPINION AND ORDER |

*** *** ***

This matter is before the Court on Plaintiff Shawn Palmer's Motion to Remand this action to Fayette Circuit Court and his Motion for Attorney's Fees. (DE 7.) For the following reasons, the Court will grant the Motion to Remand but deny the Motion for Attorney's Fees.

I.  **Background**

On August 4, 2021, Plaintiff ordered a "Tonal" exercise machine from Defendant Tonal Systems, Inc. ("Tonal") and hired Defendant XPO Logistics, Inc. ("XPO Logistics") to professionally install the unit. (Compl. ¶ 6.) After the installation, Plaintiff was injured when the exercise machine collapsed on top of him and pinned him to the weight bench. (*Id.* ¶ 7.)

On August 10, 2022, Plaintiff filed a complaint in Fayette Circuit Court against Defendants Tonal, XPO Logistics, and XPO Last Mile, Inc. ("XPO Last Mile"), and asserted negligence against all three defendants. (*See id.* ¶¶ 5-16.) In the Complaint, Plaintiff requests the following damages:

   a.   Past, present, and future physical pain and suffering;
   b.   Past, present, and future medical expenses;
   c.   Past, present, and future mental anguish;
   d.   Lost wages and/or an impairment of his ability to labor and earn money[];
   e.   Actual, consequential, incidental and foreseeable damages;

1

> f. All damages allowable by statute and common law against Defendants; and
> g. Attorney's fees, costs, pre-judgment and post-judgment interest, and expenses.

(*Id.* ¶ 16.) Plaintiff's Complaint does not assert a specific amount of damages. Instead, he seeks compensatory damages in an amount that is "deemed fair, just, and reasonable" and that includes past and future medical expenses; past and future wage loss; loss of the enjoyment of life; and past and future mental and physical pain and suffering. (*Id.* at 9.)

On September 21, 2022, Defendants XPO Logistics and XPO Last Mile removed the matter to this Court based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446.[1] (DE 1.) The Notice of Removal states:

> Although Plaintiff's Complaint does not identify the specific amount of damages which he seeks, Plaintiff's Complaint alleges that he has suffered serious permanent physical injury, bodily injuries, lost income, ability to labor and earn money, mental pain and anguish, past and future medical expenses, increased risk of future harm and loss of enjoyment of life. **Based upon these allegations, it is clear that the amounts sought by Plaintiff will exceed the sum or value of $75,000.00, exclusive of interest and costs.**

(*Id.* ¶ 6 (emphasis added).)

Now, Plaintiff moves to remand the action for lack of subject-matter jurisdiction, arguing that Defendants have failed to establish that the amount in controversy exceeds

---

[1] Like many other circuits, the Sixth Circuit enforces the "rule of unanimity," which requires all defendants to unanimously consent to removal. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003). Defendants may do so by either joining in the removal petition or filing written consent. *Id.* While Defendants XPO Logistics and XPO Last Mile jointly removed this case, Tonal did not join the removal petition, and the record is devoid of any indication that Tonal consented to removal. Although Tonal separately filed a motion to dismiss, "implied consent to removal in the form of filing an answer or motion to dismiss has been rejected by other federal courts." *Berra v. Cutter Aviation of San Antonio, Inc.*, CIVIL ACTION NO. SA-19-CA-0429-FB, 2020 WL 7481966, at *3 (W.D. Tex. Jan. 29, 2020) (internal quotation marks omitted). However, "technical defects in the removal procedure, such as a breach of the rule of unanimity, may not be raised *sua sponte*, and must be raised by a party within thirty days of removal or they are waived." *Loftis*, 342 F.3d at 516-17. Plaintiff never raised the issue of Tonal's consent to removal, and therefore, has waived any argument that Tonal's lack of consent precludes removal.

$75,000.  (DE 7-1 at 2.)  He also moves for an award of attorney's fees under 28 U.S.C. § 1447(c).  (*Id.* at 7.)

## II.     Analysis

### A.     Motion to Remand

"A defendant removing a case has the burden of proving the diversity jurisdiction requirements."  *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).  To prove diversity jurisdiction, such a defendant must show "(1) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (2) there is complete diversity of citizenship between the disputing parties."  *Hale v. Morgan Stanley Smith Barney LLC*, 982 F.3d 996, 997 (6th Cir. 2020) (citing 28 U.S.C. § 1332(a)).  Here, parties do not dispute that the complete diversity requirement is met.  (DE 7-1 at 1-2.)  Therefore, the key issue is whether Defendants have satisfied the amount in controversy requirement.  (*Id.* at 3-5.)

Courts "strictly construe[]" the removal statute and resolve "all doubts . . . in favor of remand."  *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 468 (6th Cir. 2019) (citation and quotation marks omitted).  In cases, such as here, where the plaintiff contests whether the defendant has fulfilled the amount in controversy requirement, the defendant must set forth evidence establishing that the amount "exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  The defendant must make this showing by a preponderance of the evidence.  *See* 28 U.S.C. § 1446(c)(2)(B); *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 959 (E.D. Ky. 2009).  The defendant cannot meet this standard by merely relying upon "theoretical or speculative claims."  *Hendricks v. Quickway Transportation, Inc.*, Civil Action No. 3:20-cv-710-BJB-CHL, 2021 WL 1235265, at *5 (W.D. Ky. Apr. 2, 2021) (citation and quotation marks omitted).

Instead, the defendant "must produce 'competent proof' that the amount in controversy is met." *King v. Graham*, Civil Action No. 6:18-56-DCR, 2018 WL 1748113, at *1 (E.D. Ky. Apr. 11, 2018). Proof is competent where it provides "estimated monetary values" for the plaintiff's asserted damages. *Shannon v. PNC Bank*, N.A., Civil Action No. 3:14-CV-00421-CRS, 2015 WL 3541850, at *2 (W.D. Ky. June 2, 2015). Such proof may include "proof of medical expenses incurred," the plaintiff's "wage level prior to the alleged injuries," demand letters, or other evidence obtained from pre-removal discovery. *Id.*; *see Marcum v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 6:07-269-DCR, 2007 WL 2461623, at *3 (E.D. Ky. Aug. 22, 2007).

The Court finds that remand is appropriate because it lacks subject-matter jurisdiction over the case. Defendants have not met their burden to show that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Defendants fail to set forth *any* concrete evidence that proves that they have satisfied the jurisdictional threshold.

To support that the amount in controversy exceeds $75,000 in this matter, Defendants parrot Plaintiff's Complaint, resting solely on those allegations. In their notice of removal, Defendants merely reference the Complaint, stating that "[b]ased upon [Plaintiff's] allegations, it is clear that the amounts sought by Plaintiff will exceed the sum or value of $75,000.00, exclusive of interest and costs." (DE 1 ¶ 6.) However, the Complaint does not provide a specific amount of damages sought, and indeed, the Kentucky Rules of Civil Procedure prohibit a plaintiff from "recit[ing] any sum as alleged damages" in any claim for unliquidated damages. Ky. R. Civ. P. 8.01(2). Likewise, in their response to the motion to remand, Defendants point to Plaintiff's allegation that the Tonal machine fell on him in "a *violent* manner," and characterize Plaintiff's pleadings as emphasizing the "gravity" and "severity" of the alleged incident. (DE 9 at 2-3.) Allegations do not constitute evidence. And vague descriptions such as "violent," "grave," or "severe" are not indicative of the monetary

4

value of Plaintiff's claims. *Graham*, 2018 WL 1748113, at *2 ("[I]t is not self-evident from the mere allegation that the damage was 'severe' that the amount in controversy is well in excess of this jurisdictional minimum."). Any estimate of damages based on these descriptions alone is impermissibly theoretical and speculative.

Defendants also cite to the "numerous types of damages under different theories of liability" sought by Plaintiff and list the categories of damages Plaintiff requests in his Complaint. (DE 9 at 3.) However, Defendants provide no competent proof of the estimated monetary value of these damages. The record lacks evidence of Plaintiff's medical expenses, his wages, any demand letters that he may have sent requesting compensation, information Defendants could have obtained from basic pre-removal discovery, or any other evidence establishing the amount in controversy. Defendants further argue that Plaintiff "asserts a claim for 'all damages allowable by statute and common law against Defendants,'" and the claim "necessarily includes punitive damages, which are to be included when the amount in controversy is being evaluated for jurisdictional purposes." (DE 9 at 4.) While it is true that "[p]unitive damages are included in the amount in controversy, 'unless it is apparent to a legal certainty that such cannot be recovered,'" Defendants yet again provide no evidence of the estimated value of punitive damages in this case. *Hollon v. Consumer Plumbing Recovery Ctr.*, 417 F. Supp. 2d 849, 851 (E.D. Ky. 2006) (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)). Put simply, Defendants removed this case "[w]ithout taking advantage of the available time and tools to obtain additional proof" of the amount in controversy. *Shannon*, 2015 WL 3541850, at *4. Without more, Defendants cannot show that the amount in controversy requirement is met.

Finally, Defendants submit an email from Plaintiff's counsel in which his counsel represents that Plaintiff "is still experiencing pain and discomfort from the injury incident[,] and it is unclear what his future medical treatment might entail." (DE 9-1 at 1.) According

5

to Defendants, "[this] representation by Plaintiff's counsel confirms Plaintiff continues to treat and incur medical expenses (and presumably lost wages) for his alleged injuries one (1) year after the alleged incident, which further undercuts Plaintiff's argument for remand." (DE 9 at 3.)  Noticeably missing from that email is any estimate of the medical expenses associated with that injury.  Because the email does not include any proof of (or otherwise comment on) the cost of Plaintiff's medical expenses, Defendants cannot rely on this email as evidence that the amount in controversy exceeds $75,000.

To the extent that Defendants argue that Plaintiff is unwilling to stipulate to the amount of damages in an effort "to avoid the jurisdiction of this Court without limiting the amount of damages he can later seek to recover," this argument fails for two reasons.  (DE 9 at 4.)  First, in cases where the defendants have removed the case to federal court, the *defendants* bear the burden to prove that the amount in controversy exceeds the jurisdictional threshold.  *See Rogers*, 230 F.3d at 871.  Second, "[a] refusal to stipulate, by itself, does not provide sufficient evidence to support the requisite amount in controversy."  *Shannon*, 2015 WL 3541850, at *3.

Based on their filings, Defendants "encourage[] the Court to speculate as to the value of damages, referring only to Plaintiff's allegations, a vague description of [his] medical treatment, and [his] refusal to stipulate."  *Id.* at *2.  Such speculation is insufficient to establish the value of Plaintiff's claims.  Due to the utter lack of evidence submitted by Defendants, the Court cannot find that the amount in controversy exceeds $75,000, as required to warrant removal to this Court.

Therefore, the Court grants Plaintiff's motion to remand for lack of subject-matter jurisdiction.

B.   **Motion for Attorney's Fees**

Plaintiff also moves for attorney's fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Court has discretion to award attorney's fees to a plaintiff only in circumstances where "the removing party lacked an objectively reasonable basis for seeking removal." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

Here, the Court cannot say that Defendants' removal arguments were so objectively unreasonable as to warrant the award of attorney's fees. Accordingly, the Court declines to exercise its discretion to award attorney's fees to Defendants.

Therefore, the Court denies Plaintiff's Motion for Attorney's Fees.

III.   **Conclusion**

For the foregoing reasons, the Court hereby ORDERS as follows:

1.   Plaintiff Shawn Palmer's Motion to Remand (DE 7) is GRANTED;

2.   Plaintiff's Motion for Attorney's Fees (DE 7) is DENIED;

3.   All other pending motions (DE 4; DE 5) are DENIED as moot;

4.   This matter is REMANDED to Fayette Circuit Court;

5.   This matter is STRICKEN from the Court's active docket; and

6.   The Court will enter a judgment consistent with this order.

This 24th day of July, 2023.



KAREN K. CALDWELL  
UNITED STATES DISTRICT JUDGE  
EASTERN DISTRICT OF KENTUCKY